```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
WINDWARD BORA LLC,                                          :
                                                            :
                              Plaintiff,                    :    MEMORANDUM
                                                            :    DECISION AND ORDER
              - against -                                   :
                                                            :    18-cv-5727 (BMC)
MARC E. RYBACKI, et al.,                                    :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X
```

**COGAN**, District Judge

      Plaintiff brings this action, invoking the Court's diversity jurisdiction, to foreclose on a mortgage and for damages owed on the note that the mortgage secures. The borrowers (defendants Marc E. Rybacki and Lisa M. Rybacki) have defaulted. None of the other interest holders of record have appeared, except for one creditor of the borrowers (Michael Thomas Fealey), who has appeared *pro se*. Plaintiff has moved for summary judgment of foreclosure against Fealey, which he has not opposed, and default judgment of foreclosure and damages of $130,685.86 plus interest owed on the note against the borrowers and other interest holders.

      In response to the Court's order to show cause why this case should not be dismissed in light of the New York State law requirement that the holder of a note and a mortgage must make an election of remedies between suing on the debt or foreclosing on the mortgage, see N.Y.R.P.A.P.L § 3101(3), plaintiff elected a remedy: foreclosure. Thus, that part of plaintiff's motion that seeks damages on the note is denied and this order will resolve the availability of the equitable remedy of foreclosure.

      As to the borrowers and other interest holders, a default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. See

Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). But before a court enters a default judgment, it must determine whether the allegations in the complaint establish liability as a matter of law. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). Additionally, the plaintiff still bears the burden of proving a "reasonable basis" for the damages requested. See E. Sav. Bank, FSB v. Robinson, 13-CV-7308, 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016). An evidentiary hearing is not required so long as the plaintiff's affidavits and other documentary evidence provide a basis for the damages awarded. See Transatlantic Marine Claims Agency v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

In a mortgage foreclosure action under New York law, "the lender must prove . . . the existence of an obligation secured by a mortgage, and a default on that obligation." R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 n.2 (2d Cir. 1997) (internal quotation marks omitted); see also E. Sav. Bank, FSB v. Ferro, No. 13-CV-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015). "[O]nce a plaintiff mortgagee in a foreclosure action has established a *prima facie* case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." E. Sav. Bank, FSB v. Evancie, No. 13-cv-00878, 2014 WL 1515643, at *4 (E.D.N.Y. April 18, 2014); see also Fleet Nat'l Bank v. Oslav, 16 A.D.3d 374, 793 N.Y.S.2d 52 (2d Dep't 2005) (holding that the plaintiff "established its *prima facie* entitlement to a judgment" by submitting the mortgage, the unpaid note, and evidence of the mortgagors' default).

The documents submitted on the motion establish a *prima facie* case for a judgment of foreclosure and sale. They show that on April 3, 2006, the borrowers executed and delivered a note and mortgage, respectively, to Mortgage Lenders Network USA, Inc., and its agent, MERS (i.e., Mortgage Electronic Registration Systems, Inc.). Plaintiff obtained physical possession of

the note in October 2017, after it had gone into default, and it commenced this action on October 12, 2018.  All required default notices under the mortgage and state law have been duly served.

As to Fealey (the sole appearing judgment creditor), I have construed his November 5, 2018 filing as an answer and cross-claims against the borrower, but he has not opposed plaintiff's motion for summary judgment against him.  He is a subordinate lien holder as a later-docketed judgment creditor, and he will be paid out of the proceedings of the foreclosure sale if there is enough equity to cover his and any prior debts.  Since there is no issue of disputed material fact raised by Fealey's filing, plaintiff's motion for summary judgment against him is granted.  See Fed. R. Civ. P. 56.

Accordingly, plaintiff's motion for default judgment for foreclosure is granted.  Plaintiff is directed to submit a proposed Judgment of Foreclosure and Sale within (7) days.
**SO ORDERED.**

                                                                                     _____
                                                                                     U.S.D.J.

Dated: Brooklyn, New York
           July 24, 2019